UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILLY MIKALI AMDUSO, et al.<br>Plaintiffs,<br>v.<br>REPUBLIC OF SUDAN, et al.<br>Defendants. | Civil Action No. 08-1361 (JDB)/(JMF) |
| WINFRED WAIRMU WAMAI, et al.<br>Plaintiffs,<br>v.<br>REPUBLIC OF SUDAN, et al.<br>Defendants. | Civil Action No. 08-1349 (JDB)/(JMF) |
| JUDITH ABASI MWILA, et al.<br>Plaintiffs,<br>v.<br>REPUBLIC OF SUDAN, et al.<br>Defendants. | Civil Action No. 08-1377 (JDB)/(JMF) |

| | |
|---|---|
| MARY ONSONGO, et al.<br><br>Plaintiffs,<br><br>v.<br><br>REPUBLIC OF SUDAN, et al.<br><br>Defendants. | Civil Action No. 08-1380<br>(JDB)/(JMF) |

**REPORT OF SPECIAL MASTER**
(Raphael Kivindyo)

On August 7, 1998 the United States Embassy in Nairobi, Kenya was destroyed by a suicide bombing that killed more than 200 people and injured over 4,000. On November 11, 2011, the United States District Court for the District of Columbia determined that the defendants are liable for the damages caused by the bombing.

Raphael Kivindyo brought this action to recover for mental anguish he suffered as a result of the Nairobi embassy bombing.

In arriving at the recommendations set forth below, the Special Master has reviewed the following uncontradicted evidence submitted by plaintiffs' counsel:

1. Deposition Testimony of Raphael Kivindyo
2. Deposition testimony of Margaret Nzomo

The Special Master has not conducted hearings, examined witnesses, or challenged the authenticity or veracity of the uncontradicted evidence submitted by plaintiffs' counsel. Plaintiffs' counsel have affirmed that all available evidence bearing on the damages suffered by the plaintiffs has been supplied, and that the documents provided to the Special Master are genuine and are complete, accurate copies of the originals.

Finally, the Special Master has conferred with plaintiffs' counsel in an effort to assure that the evidence provided is as complete and as reliable as possible.

As directed by the Court in its February 27, 2012 Order Adopting Administrative Plan, the Special Master has applied federal law to determine the scope of damages applicable to personal injury claims made by victims of the bombing.

Also as directed by the Court in its February 27, 2012 Order Adopting Administrative Plan, the Special Master has employed as guideposts the damage awards approved in the *Peterson*, *Dammarell*, and *Valore* cases, which arose from the bombing of the U.S. Marine barracks in Beirut, Lebanon.

## I. SUMMARY

Mr. Kivindyo is a citizen of Kenya, living in Nairobi. For the past 33 years, he has been employed by the U.S. Embassy there in a variety of capacities. At the time of the bombings, Mr. Kivindyo was 44 years old, and served as a postal clerk. He is married and has six children.[1] Although he was not physically injured in the blast, Mr. Kivindyo is seeking damages for psychological damage he suffered as a result of the blast. His wife, Margaret Nzomo, is also claiming damage for solatium.

For the reasons set forth below, I recommend that Mr. Kivindyo be awarded $1,500,000 in damages and that Ms. Nzomo be awarded $1,500,000 in damages for pain and suffering caused by the August 7, 1998 bombing. The amount of each award after applying pre-judgment interest is $3,392,490.

## II. Raphael Kivindyo

In personal injury cases brought by embassy employees injured in the Nairobi bombing, the Court has advised the Special Masters to be guided by the damage awards set out in, among other cases, *Dammarell v. Islamic Republic of Iran*, 404 F.Supp.2d 261 (D.D.C. 2005) and *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52 (D.D.C. 2010).[2] In *Dammarell*, the court used four factors to assist in determining awards for victims injured by state-sponsored terrorist attacks. These factors are: 1) the severity of pain immediately following the injury; 2) the number and type of injuries suffered; 3) the length of hospitalization; and 4) the permanence of the impairment. Additionally, in *Valore*, the Court affirmed damage reductions in certain cases, including when a surviving victim did not suffer physical injury during the attack.[3]

Mr. Kivindyo testified that, at the time of the bombing, he was working in the basement of the embassy.[4] After the bombing, Mr. Kivindyo heard his colleagues crying.[5] It took Mr. Kivindyo ten minutes to find his way out of the dark basement, and he encountered wounded and deceased colleagues along the way.[6] When he finally exited the building, Mr. Kivindyo saw dismembered and decapitated bodies.[7] Almost as soon as he exited the building, Mr. Kivindyo joined the rescue efforts, helping to direct others within the building.[8] Because he was the lone employee of the mailroom who was able to work, Mr. Kivindyo returned to work three days after the bombing, and worked alone for about three months.[9]

---

[1] *See* Deposition of Raphael Kivindyo at 7:1-14; 8:15-16. None of Mr. Kivindyo's children has submitted a claim, and thus I have made no recommendations regarding them.
[2] Order Adopting Administrative Plan, at 5.
[3] *Valore*, 700 F.Supp.2d at 85.
[4] Kivindyo Dep. Tr. at 3:13-19.
[5] *Id.* at 3:19-21.
[6] *Id.* at 3:26 – 4: 2.
[7] *Id.* at 4:2-7.
[8] *Id.* at 4:12-15.
[9] *Id.* at 4:19 – 5:2.

Mr. Kivindyo testified that he was not physically injured in the blast.[10] Nonetheless, the bombing caused Mr. Kivindyo mental and emotional damage[11] and negatively impacted his relationship with his wife.[12]

In *Valore*, the court awarded $1,500,000 to a victim of the Beirut Marine Barracks bombing who did not suffer physical injuries during the blast. Like this individual, Mr. Kivindyo suffered mental and emotional damage, but did not suffer physical harm as a result of the bombing.

It is my recommendation that the Court award Mr. Kivindyo $1,500,000 to compensate him for his pain and suffering. After applying pre-judgment interest, the total amount is $3,392,490.

## III. Margaret Mwikali Nzomo

Margaret Nzomo is the wife of Raphael Kivindyo. At the time of the bombing, they had been married for over twenty years. As the spouse of a U.S. Embassy employee who was injured—even though that injury was not physical—in the bombing, Ms. Nzomo is entitled to maintain an action for intentional infliction of emotional distress and for emotional damages (solatium), to compensate her for "the mental anguish, bereavement and grief that… [she] experience[d] as the result of [her husband's injury]."[13] Immediately after the bombing, Ms. Nzomo did not know whether her husband was alive or dead.[14] She testified that, although Mr. Kivindyo was not physically hurt in the bombing, "the effects came out" later.[15] Ms. Nzomo testified that her relationship with her husband has been negatively impacted by the bombing,[16] going so far as to say, "[we] don't have a relationship."[17]

In *Valore*, the Court awarded $4,000,000 to the spouses of surviving victims.[18] After discussing the issue, the Special Masters have concluded that relatives of surviving victims should not be awarded damages greater than those awarded to the surviving

---

[10] *Id.* at 5:23 – 6:6. I note that there is some question about whether the blast damaged Mr. Kivindyo's hearing. Although he testified that, as a result of the blast, "[his] ears were totally out because I could not hear very well," (*Id.* at 3:17-18) Mr. Kivindyo later testified that his ears were damaged "several months before it come," and that he "can't prove whether they are a hundred percent." *Id.* at 6:3-6. Because plaintiffs' counsel has not provided any further information regarding physical damage suffered by Mr. Kivindyo, there is not sufficient evidence to find that Mr. Kivindyo suffered any physical injuries.

[11] *Id.* at 6:27-29.

[12] *Id.*

[13] *Valore*, 700 F.Supp.2d at 85 (D.D.C. 2010) (finding that the damages framework laid out in *Peterson v. Islamic Republic of Iran*, 515 F. Supp. 2d. 25 (D.D.C. 2007), which provided solatium damages to family members of surviving victims, has "strong precedential support".).

[14] Deposition of Margaret Mwikali Nzomo at 4:12-17.

[15] *Id.* at 4:27.

[16] *Id.* at 4:20-24.

[17] *Id.* at 5:27-28.

[18] *Valore*, 700 F.Supp.2d at 85.

victim him or herself.[19] Thus, it is my recommendation that damages be awarded to Ms. Nzomo in the amount of $1,500,000. After applying pre-judgment interest, the total amount is $3,392,490.

November 22, 2013

Respectfully Submitted,

John D. Aldock, Special Master

[19] I note that in *Valore*, the court did not depart downward from the base amount for relatives of surviving victims when the victim himself was not physically injured. *Id.* The Special Masters have elected not to follow the approach used in *Valore*. Instead, we recommend that damage awards for relatives of surviving victims not exceed damage awards of the respective surviving victim him or herself. Thus, in this case, because I recommend a damage award of $1,500,00 for Mr. Kivindyo, I recommend that the Court award no more than $1,500,000 to Mr. Kivindyo's wife.